*114 The opinion of tbe Court was delivered bj
DARCAN, Ch.
* In tbis case, it will be unnecessary to recapitulate the facts,' that have been so fully stated in the circuit decree. Nor will it be necessary to consider, seriatim, the various grounds of appeal which have been discussed before this Court.
When a Chancellor has by an order prescribed a particular time for creditors or claimants to present and establish their demands upon a fund, which is in the course of being administered or marshalled by the Court, it is competent for the same authority at its discretion to extend the time, and to let in claimants to the privilege of presenting and proving their claims after the expiration of the prescribed period, so long as the fund remains undistributed, and under the control of the Court. But I do not think the Commissioner in equity has this power, and his order in this case, extending the time, so as to enable the defendant, John Williams, to furnish additional evidence in support of his claim, was unauthorized. I shall, therefore, consider the case, as if such additional evidence had not been received. I incline to the opinion, that the evidence irregularly taken in support of John Williams’ claim after the expiration of the time prescribed by the Court for the creditors of Swain to.come in, affords no additional strength to the said claim.
The only remaining controversy in the case, relates to the right of John Williams to be admitted as a creditor of William Swain in the distribution of the fund in question. The uncon-troverted facts are as follows: Williams was the surety of William Swain'on a single bill, payable to John Smith for three hundred dollars with interest from the 29 January, 1841. Swain the principal left South Carolina, and became a resident in another State. After his departure, the surety, John Williams was sued upon the sealed note, and judgment was recovered against him. He subsequently paid the debt, and this constitutes the basis of his claim. To this claim, the other *115 creditors of William Swain (the absent debtor,) have set up the plea of the statute of limitations. This they have a right to do, as they now are alone interested in the fund, if the facts are sufficient to support that plea. The claim is certainly barred, unless it falls within some of the exceptions of the statute, or the evidence makes it a case to which the statute does not apply.
As the,original debt was secured by a sealed instrument constituting it a specialty, the Chancellor who tried the cause, considered that the surety who paid it, had a right in equity to be so far subrogated to the rights of the original creditor, as to set it up as a specialty against his principal-thus making a case to which the statute has no application. In this view of the case I concur with the Chancellor.
It appears to this Court, that the plea of the statute of limitations may be avoided upon another ground. At the time when the surety, who is the present claimant, paid the debt, and a right of action accrued to him, the principal was absent from and without the limits of the State. It does not appear from the brief, or from any evidence before the Court, that the said principal has since that time been within the jurisdiction of the Court. The creditor, in this instance, has had no opportunity of instituting suit. This brings the case within an exception of the statute, which is suspended under these circumstances, until the return of the absent debtor. In this point of view, regarding this claim as a simple contract, it is not subject to the bar of the statute of limitations.
The circuit decree is affirmed and the appeal is dismissed.
Johnston and Wamxlaw, CC., concurred.
Dunkin, Ch.
John Williams was the surety of William It. Swain on a sealed note which he had given to John Smith and which became due in 1841. In 1844, John Williams, the *116 surety, having been sued to judgment, paid the note. No suit had been instituted by the holder of the note against the principal. So soon as the surety paid the money he had a right of action in assumpsit against the principal; and from that time the statute of limitations began to run. It was suggested that the principal was then out of the jurisdiction but I perceive no evidence of that fact, and the party relying on such obstruction is bound to establish it. The Commissioner had no authority to extend -the time for creditors to present their demands. But so long as the fund was within the control of the Court it was perfectly competent for the Chancellor to admit the claim of any creditor. The proof of Williams’ demand was before him and abundant evidence of such acknowledgment as prevented the bar of the statute. Eor these reasons I am of opinion that the demand was properly sustained by the Chancellor.
Decree affirmecL